■ CARVER FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent, v ROSCOE WILLIAMS, JR., et al., Defendants and Third-Party Plaintiffs-Appellants; et al., Defendants. FREDERICK M. DOUGLASS, Third-Party Defendant-Respondent.—In an action to foreclose a mortgage on real property, defendants Roscoe Williams, Jr., Marlene Landers and Kenneth Williams (hereafter referred to as defendants Williams) appeal from an order of the Supreme Court, Kings County, entered August 15, 1974, which, *inter alia,* (1) granted plaintiff's motion for summary judgment against them, (2) granted the request of Frederick M. Douglass for summary judgment dismissing the claim asserted against him by defendants Williams, (3) denied the cross motion of defendants Williams for summary judgment and (4) appointed a referee to compute the amount due upon the bond and mortgage. Order modified by deleting therefrom the first, fourth and fifth decretal paragraphs thereof and substituting therefor a provision denying plaintiff's motion for summary judgment against defendants Williams. As so modified, order affirmed, with a single bill of $20 costs and disbursements to defendants Williams against plaintiff. On November 4, 1963, Roscoe and Ella Williams (deceased parents of defendants Williams) executed and delivered to plaintiff a mortgage on certain premises in Brooklyn, New York. In 1972 plaintiff started this action for default in payment of an installment due as of October 1, 1971. This resulted in a judgment of foreclosure and sale of the mortgaged premises and in the delivery of a referee's deed to a purchaser, Goins Brothers, Inc. Thereafter Goins Brothers moved for an order putting it into possession of the premises. Defendants Williams cross-moved to vacate the judgment on the ground that the court lacked jurisdiction to render it. Special Term granted the cross motion and set aside the judgment and the referee's deed, noting that service of process, which had been made by publication, was improper, since personal service could have been effected with the exercise of due diligence. The order thereon was affirmed by this court *(Carver Fed. Sav. & Loan Assn. v Williams,* 43 AD2d 817). After the foreclosure and sale, but before they were set aside, defendants Williams made a personal tender of $3,000 in full payment of the mortgage balance, but the tender was allegedly rejected by plaintiff, which claimed that it no longer was the owner of the mortgage. During the following year, plaintiff served defendants Williams with a supplemental summons and an amended complaint. Defendants Williams allege that they were the owners of the fee on February 7, 1973 when they tendered the mortgage balance, as above stated, and assert that the rejection of the tender by plaintiff served to discharge the mortgage lien. In their claim against Douglass, who is plaintiff's attorney, defendants Williams contend that he had improperly obtained the order for the above-mentioned service of process by publication and caused the sale to be had and the referee's deed delivered to the purchaser. They assert that Douglass is liable to them for abuse of process. Special Term granted plaintiff's motion for summary judgment, holding that because the judgment of foreclosure was extant when the tender was made, plaintiff was not the mortgagee at the time of the tender and that if defendants Williams had desired to discharge the mortgage after this court's affirmance of the order setting aside the judgment of foreclosure and sale, they could have renewed their tender of payment, but did not. We disagree with Special Term and find that there are issues of fact which should be resolved at a plenary trial, e.g., (1) whether there was a proper tender of payment of the mortgage and (2) if there was, whether it was rejected. If

such a tender was rejected, it would have to be determined whether the rejection operated to discharge the mortgage as a matter of law. It therefore follows that Special Term's denial of defendants Williams' cross motion for summary judgment was correct. We agree, however, with Special Term's grant of Douglass' motion for summary judgment upon defendants Williams' claim for abuse of process. The acts and conduct attributed to him do not constitute abuse of process. The essential elements of that tort are (1) an ulterior purpose and (2) a willful act in the use of the process not proper in regular conduct of the proceedings in question (Prosser, Law of Torts [4th ed.]; p. 857). We do not discern such conduct by Douglass. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.